UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

MONICA BURILLO DE LARREA,

    Plaintiff,

vs.

GOLDEN YACHT CHARTERS, INC.,
a Florida corporation, and JUAN ROJAS,
an individual

    Defendants.
_____/

## COMPLAINT

Plaintiff Monica Burillo De Larrea ("de Larrea") sues Defendants Golden Yacht Charters, Inc. ("Golden Yacht") and Juan Rojas ("Rojas") and avers:

## PARTIES, JURISDICTION & VENUE

1. The matter in controversy exceeds $75,000, exclusive of interest and costs.

2. de Larrea is domiciled in Mexico City, Mexico, and is a citizen of Mexico.

3. Golden Yacht is a corporation organized and existing under the laws of Florida and has its principal place of business in Hallandale Beach, Florida. Golden Yacht is a citizen of Florida.

4. Rojas is domiciled in Broward County, Florida, and is a citizen of Florida. Rojas is the president of Golden Yacht.

5. This court has diversity jurisdiction under 28 U.S.C. § 1332(a)(2).

6. Venue is appropriate in this district because both Defendants reside, and because a substantial part of the events and acts which give rise to this action occurred, in this district.

1

## **FACTS**

7. de Larrea is the principal of Soleado Corporation ("Soleado"), a Delaware corporation.

8. Soleado is, and at all material times has been, the record owner of a 97' Ferretti yacht named the "Soleado" (the "Yacht").

9. On February 24, 2016, Soleado entered into an Exclusive Yacht Management and Charter Brokerage Agreement ("Charter Agreement") with Golden Yacht, under which Golden Yacht was granted the exclusive right to charter the Yacht and receive charter proceeds. In exchange, Golden Yacht assumed all expenses and costs of chartering and providing management services to Soleado.

10. Specifically, the Charter Agreement provides that Golden Yacht is responsible for all expenses and costs associated with the operation of the Yacht and its chartering services, including the costs of insurance, administrative expenses, staff accommodation and transportation, marina slip and electric, crew, all manufacturer-required maintenance and bottom cleaning (including annual dry dock maintenance), and any repairs due to misuse of the Yacht.

11. The only expenses chargeable to Soleado under the Charter Agreement were for limited expenses in connection with Soleado's personal use of the Yacht. Specifically, during any period in which Soleado was using the Yacht, Soleado was responsible for fuel, provisions and dockage outside of the Yacht's home port, and any additional crew requested by Soleado beyond the four-person crew provided by Golden Yacht ("Personal Yacht Expenses").

12. In order to facilitate the payment of Personal Yacht Expenses, de Larrea provided Defendants with her personal American Express card ("AMEX"), which was only provided for

GARBETT, ALLEN & ROZA, P.A., ATTORNEYS AT LAW
80 SOUTHWEST EIGHTH STREET, SUITE 3100, MIAMI, FLORIDA 33130 ☐ TELEPHONE (305) 579-0012

the express limited purpose of paying the Personal Yacht Expenses incurred during Soleado's/de Larrea's personal use of the Yacht, and for no other purpose.

13. de Larrea did not authorize Defendants to make any other charges to the AMEX.

14. Since 2016 until its termination on June 7, 2021, the Charter Agreement governed the relationship between Soleado and Golden Yacht. Golden Yacht chartered the Yacht to numerous customers and kept the proceeds of those charters.

15. Between January 2019 and November 2020, de Larrea made the following payments pursuant to unauthorized expenses sent by Rojas for the benefit of Golden Yacht totaling $611,144.00 (the "Unauthorized Expenses"):

| Date | Amount Paid | Payee |
|---|---|---|
| January 29, 2019 | $108,700.00 | Golden Yacht |
| March 1, 2019 | $49,200.00 | Golden Yacht |
| October 31, 2019 | $56,094.40 | Brown and Brown of Florida, Inc. |
| February 6, 2020 | $397,149.60 | Golden Yacht |

16. The Unauthorized Expenses far exceed the Personal Yacht Expenses incurred during the same period, which amount to just $65,664.60, and should have been absorbed by Golden Yacht under the Charter Agreement.

17. Additionally, beginning August 10, 2018, and continuing through January 15, 2021, Defendants charged a total of $2,166,949.70 to the AMEX (the "AMEX Charges"). Apparently emboldened after the initial AMEX Charges were not questioned, in April 2019, Defendants began making regular and repeated charges of just under $10,000 per transaction, multiple times per month. A chart identifying the AMEX Charges is attached as Exhibit A.

18. Defendants did not request authorization to make, and de Larrea did not authorize, the AMEX Charges.

19. Upon learning of the Unauthorized Expenses and AMEX Charges, de Larrea, through counsel, made written demand upon Defendants for (a) repayment of the AMEX Charges, and (b) all supporting documentation for the Unauthorized Expenses. A copy of the demand is attached as Exhibit B.

20. Defendants failed to either repay the AMEX Charges or provide supporting documentation for the Unauthorized Expenses.

21. All conditions precedent have occurred or have been waived.

22. de Larrea has retained the law firm of Garbett, Allen & Roza, P.A. in connection with this action and is obligated to pay its reasonable attorneys' fees for services rendered.

## COUNT I – CONVERSION
**(against Golden Yacht and Rojas)**

23. de Larrea reavers paragraphs 1-14 and 17-21 in support of this count.

24. Between August 2018 through January 2021, Defendants wrongfully obtained specific and identifiable funds from de Larrea via the AMEX Charges.

25. de Larrea is and was the owner of the funds in question.

26. Despite demand, Defendants have wrongfully and permanently deprived de Larrea of her funds.

## COUNT II – VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
**(against Golden Yacht)**

27. de Larrea reavers paragraphs 1-22 in support of this count.

28. This is a claim for violation of Florida's Deceptive and Unfair Trade Practices Act, §§ 501.201–501.213, Fla. Stat. (2021) ("FDUTPA").

4

GARBETT, ALLEN & ROZA, P.A., ATTORNEYS AT LAW
80 SOUTHWEST EIGHTH STREET, SUITE 3100, MIAMI, FLORIDA 33130 ☐ TELEPHONE (305) 579-0012

29. FDUTPA prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204, Fla. Stat.

30. de Larrea is a "consumer" as defined in § 501.203(7), Fla. Stat.

31. By providing false billings and initiating unauthorized credit card charges, Golden Yacht engaged in unconscionable acts or practices and used unfair or deceptive acts in the conduct of its trade and commerce in the State of Florida.

32. Golden Yacht's business practices, as alleged above, are "unfair" because they offend established public policy and are immoral, unethical, unscrupulous, and substantially injurious to de Larrea. Additionally, Golden Yacht's conduct is unfair because its conduct violated the legislatively declared policies in FDUTPA. Golden Yacht deceived de Larrea by submitting false billings and making unauthorized and fraudulent charges on her AMEX.

33. de Larrea suffered an actual loss as a result of Golden Yacht's deception.

### COUNT III – UNJUST ENRICHMENT
**(against Golden Yacht)**

34. de Larrea reavers paragraphs 1-21 in support of this count.

35. Through the Unauthorized Expenses and AMEX Charges, de Larrea has paid funds to or for the direct benefit of Golden Yacht for which no debt existed.

36. It would be inequitable for Golden Yacht to retain the benefit of the funds received from de Larrea without an accompanying debt.

WHEREFORE, de Larrea demands judgment as follows:

I. On Count I, for damages in the amount of $2,166,949.70, plus prejudgment interest and costs;

5

GARBETT, ALLEN & ROZA, P.A., ATTORNEYS AT LAW
80 SOUTHWEST EIGHTH STREET, SUITE 3100, MIAMI, FLORIDA 33130 ☐ TELEPHONE (305) 579-0012

II. On Count II, for damages in the amount of $2,778,093.70, plus prejudgment interest, attorneys' fees and costs;

III. On Count III, for damages in the amount of $2,778,093.70, plus prejudgment interest and costs; and

IV. On all counts, for such other and further relief as may be available to de Larrea.

Dated: June 24, 2021

**GARBETT, ALLEN & ROZA, P.A.**
*Counsel for de Larrea*
Brickell City Tower, Suite 3100
80 S.W. 8th Street
Miami, Florida 33130
Tel: (305) 536-8868

By: /s/ Brian P. Yates
Brian P. Yates, FBN 071257
byates@garlawfirm.com
Alex Wildman, FBN 116930
awildman@garlawfirm.com

6

GARBETT, ALLEN & ROZA, P.A., ATTORNEYS AT LAW
80 SOUTHWEST EIGHTH STREET, SUITE 3100, MIAMI, FLORIDA 33130 ☐ TELEPHONE (305) 579-0012