**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-22324-BLOOM/Otazo-Reyes**

MONICA BURILLO DE LARREA,

    Plaintiff/Counter Defendant,

v.

GOLDEN YACHT CHARTERS,
INC.,

    Defendant/Counter Plaintiff,

JUAN ROJAS,

    Defendant,

v.

SOLEADO CORPOATION,

    Third-Party Defendant.
_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court upon a *sua sponte* review of Defendant Golden Yacht Charters, Inc. ("Golden Yacht") and Juan Rojas' ("Rojas") Answer and Golden Yacht's Counterclaim, ECF No. [23], filed on October 28, 2021, in which Golden Yacht assets three claims for relief ("Counterclaims") against Plaintiff/Counter Defendant Monica Burillo De Larrea ("De Larrea") and Third-Party Defendant Soleado Corporation ("Soleado"). Golden Yacht alleges that the Court has jurisdiction over its Counterclaims pursuant to 28 U.S.C. § 1332. *See* ECF No. [23] at 11, ¶ 5. Specifically, Golden Yacht states, in relevant part:

> 2. Golden Yacht is a Florida corporation with its principal place of business in Miami and Hallandale Beach, Florida. Golden Yacht for jurisdictional purposes is a citizen of Florida.

> 3. De Larrea is upon information and belief based on the Plaintiff's complaint and other information domiciled in Mexico City, Mexico and is a citizen of Mexico.
>
> 4. Soleado is a Delaware corporation. *Golden Yacht currently is not aware of Soleado's (legal) principal place of business*. For jurisdictional purposes believes Soleado is not a citizen of Florida. Golden Yacht reserved the right in their answer to remove this action to state court should it find out that no diversity exists as a matter of law between the parties.

*Id.* at 11, ¶¶ 2-4 (emphasis added).

Here, Golden Yacht has failed to properly allege the citizenship of Soleado. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"). Here, while Golden Yacht has alleged Soleado's state of incorporation, it failed to allege Soleado's principal place of business. *See* ECF No. [23] at 11, ¶ 4.

Additionally, Golden Yacht's belief as to the citizenship of Soleado is insufficient to establish the jurisdictional thresholds necessary to invoke this Court's jurisdiction. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) ("[T]he burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century." (citation omitted)); *see also Dockery v. Hartford Ins. Co. of the Midwest*, No. 1:19-cv-21904-RNS, 2019 WL 8895231, at *1 (S.D. Fla. May 24, 2019) ("[Plaintiff's] belief as to [defendant's] citizenship does not qualify as a 'fact' establishing jurisdiction."); *Diamond Resorts U.S. Collection Dev., LLC v. Sumday Vacations, LLC*, No. 6:19-cv-00982-WWB, 2019 WL 10375473, at *1 (M.D. Fla. May 29, 2019) ("alleging citizenship on 'information and belief' is insufficient."); *Wilkins v. Stapleton*, No. 6:17-cv-1342-RBD, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("DO NOT allege jurisdictional facts "on information and belief." (emphasis in original)).

Case No. 21-cv-22324-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** that **on or before November 10, 2021**, Golden Yacht shall provide the Court with a detailed statement setting forth the basis for its representation that complete diversity exists between the parties. Failure to comply will result in the imposition of sanctions, including but not limited to dismissal without prejudice, and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 29, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record