UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22324-BLOOM/Elfenbein

MONICA BURILLO DE LARREA,

    Plaintiff,

v.

GOLDEN YACHT CHARTERS, INC.,
a Florida corporation, and JUAN ROJAS,
an individual,

    Defendants.
_____/

**ORDER ON EX PARTE TO COMMENCE PROCEEDINGS SUPPLEMENTARY, TO IMPLEAD THIRD PARTIES, AND FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

**THIS CAUSE** is before the Court upon judgment creditor Monica Burillo de Larrea's ("de Larrea") Ex Parte Motion to Commence Proceedings Supplementary, To Implead Third Parties, and For Leave to File Supplemental Complaint, ECF No. [101], ("Motion"). The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

On October 6, 2023, De Larrea obtained a final judgment of $2,000,000 against Juan Rojas and Golden Yacht (the "judgment debtors") which currently remains unsatisfied. ECF No. [101] at 2. After obtaining writs of execution, no amount has been recovered on the judgment, and the execution remains valid and outstanding. *See id.*

De Larrea contends the reason she has not been able to recover from the judgment creditors is because shortly after she sent a demand letter for repayment, Juan Rojas and Jacqueline Kalaptchian formed Book GYC with Kalaptchian ostensibly as the sole member[1] and transferred

---

[1] De Larrea asserts that information from the Book GYC website; however, Rojas is listed as the President and Owner of Book GYC. ECF No. [101] at 4.

the assets of Golden Yacht to Book GYC. *See id.* at 3. De Larrea notes that Book GYC is in the same business as Golden Yacht, has the same phone number, email address, is at the same address, and "advertises the same yachts for charter that were previously advertised for charter by Golden Yacht." *Id.* Furthermore, de Larrea asserts that "Rojas and Kalaptchian have failed to observe corporate formalities of separateness between Book GYC and Golden Yacht." *Id.* at 4.

Since the filing of the underlying lawsuit, Rojas and Kalaptchian have allegedly had Golden Yacht transfer a total of $401,634.00 to accounts belonging to Rojas and Kalaptchian despite Golden Yacht failing to receive any value or consideration in exchange for these transfers. *See id.* at 5. Similarly, de Larrea claims Rojas and Kalaptchian have caused Book GYC to fraudulently transfer a total of $751,450.66 to their accounts without providing any consideration in return. *See id.*

In light of the circumstances, de Larrea contends she is entitled to implead Kalaptchian and Book GYC and commence the proceedings supplementary as she has filed an appropriate motion and declaration that identifies "the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued cost and interest, and stat[ed] that the execution is valid and outstanding." *See id.* at 6 (quoting Fla. Stat. § 56.29).

Pursuant to Federal Rule 69 "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a). In Florida, the procedure for supplementary, post-judgment proceedings is governed by Fla. Stat. § 56.29. Subsection (1) of Fla. Stat. § 56.29 provides that

> [w]hen any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the

> judgment creditor is entitled to these proceedings supplementary to execution.

Fla. Stat. § 56.29(1). A party bringing a proceeding supplementary to execution must 1) show that he or she possesses an unsatisfied writ of execution, and 2) file an affidavit averring that the writ is valid and unsatisfied. *See* Fla. Stat. § 56.29(1); *B&I Contractors, Inc. v. Mel Re Const. Mgmt.*, 66 So.3d 1035, 1037 (Fla. 2d DCA 2011); *Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1496 n.22 (11th Cir. 1997). Section 56.29(2) governs the procedure for impleading third parties. *Longo v. Associated Limousine Servs., Inc.*, 236 So. 3d 1115, 1119 (Fla. 4th DCA 2018). Pursuant to § 56.29(2),

> [t]he judgment creditor shall, in the motion described in subsection (1) or in a supplemental affidavit, describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment.

Compliance with these prerequisites provides the predicate for issuing Notices to Appear and impleading any named third parties to the supplementary proceedings. *MCI Telecomms. Corp. v. O'Brien Mktg., Inc.*, 913 F. Supp. 1536, 1540 (S.D. Fla. 1995). Additionally, "[w]here the evidence so warrants, the court may order that the corporate veil be pierced and that the corporation's alter ego be made liable for the judgment." *Id.* A judgment creditor does not have to make a prima facie showing that the party to be impleaded holds the assets subject to the judgment. *Office Building, LLC v. CastleRock Sec., Inc.*, No. 10–61582–CIV, 2011 WL 1674963, at *2 (S.D. Fla. May 3, 2011). In a supplemental proceeding, a judgment creditor does not assert a cause of action against an impleaded party, but only seeks to identify and marshal the assets of the judgment debtor in the hands of the impleaded party. *Estate of Jackson v. Ventas Realty, Ltd. P'ship*, 812 F. Supp.2d 1306, 1310 (M.D. Fla. 2011). After being impleaded, the third party must appear and show cause

as to why the contested property should not be applied to satisfy the judgment creditor's judgment. *Bodywell Nutrition, LLC v. Fortress Sys., LLC*, 846 F. Supp. 2d 1317, 1325 (S.D. Fla. 2012).

Here, de Larrea has demonstrated that she holds an unsatisfied writ of execution against Golden Yacht Charters, Inc. and Juan Rojas, and has submitted a sufficient affidavit averring that the writ is valid and unsatisfied. *See* ECF No. [101-1]. Thus, de Larrea has satisfied the statutory prerequisites of § 56.29(1), and is entitled to the commencement of proceedings supplementary. *See Forster v. Nations Funding Source, Inc.*, 648 F. App'x 850, 852 (11th Cir. 2016) (the district court has ancillary jurisdiction to entertain proceedings supplementary and no discretion to deny the motion if the required statutory showing is made); *see also Longo*, 236 So. 3d at 1119 (same).

Furthermore, de Larrea has satisfied the statutory prerequisites of § 56.29(2) for impleading third parties. "[I]n cases alleging alter ego liability, the description requirement of section 56.29(2) is satisfied if the judgment creditor describes any property of an alter ego of the judgment debtor not exempt from execution in the hands of any person, or any property, debt, or other obligation due to an alter ego of the judgment debtor which may be applied toward the satisfaction of the judgment." *Longo*, 236 So. 3d at 1121. In the Motion, de Larrea sufficiently identifies property, debt, or other obligation due of the alleged alter egos, and thus the Court must issue Notices to Appear. *See* Fla. Stat. § 56.29(2) ("Upon filing of the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any other person may be applied to satisfy the judgment, then the court *shall* issue a Notice to Appear.") (emphasis added).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [101]**, is **GRANTED**. Plaintiff is permitted to implead Jacqueline Kalaptchian and Book GYC LLC in proceedings supplementary to and in aid of judgment or execution. Plaintiff shall separately file

Case No. 21-cv-22324-BLOOM/Elfenbein

the Notices to Appear for issuance in accordance with Fla. Stat. § 56.29(2) and follow the procedures set forth in the statute.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 12, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record